ADAMS INSULATION COMPANY, INC., a California corporation, Plaintiff,

v.

ORANGE COUNTY DISTRICT COUNCIL OF CARPENTERS, AFL–CIO, etc., et al., Defendants.

Civ. No. 79–02124–AAH(Kx).

United States District Court, C. D. California.

June 29, 1982.

Henry R. Fenton, Lawrence D. Lewis, Los Angeles, Cal., Robert F. Rubin, Santa Monica, Cal., for plaintiff.

Howard Z. Rosen of Geffner & Satzman, Los Angeles, Cal., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, Chief Judge.

This cause came on regularly for trial on May 25, 1982. Plaintiff Adams Insulation Company, Inc. appeared by and through its counsel, Lawrence D. Lewis, John W. Prager, Jr., and Stephen D. Holz of Musick, Peeler & Garrett. Defendants Los Angeles County District Council of Carpenters, AFL–CIO; United Brotherhood of Carpenters and Joiners of America, Local Union No. 1506; Richard "Red" Freeman; Chris Jensen; Doug McCarron; Ray Berg; and L. G. "Buck" Buchanan appeared by and through their counsel, Howard Z. Rosen of Geffner & Satzman. Defendants Orange County District Council of Carpenters, AFL–CIO; Ventura County District Council of Carpenters, AFL–CIO; United Brotherhood of Carpenters and Joiners of America, Local Union No. 2361; J. D. Butler; Robert L. Miller; Gerald Stedman; William J. Molnar; Randy Thornhill; and William F. Perry appeared by and through their counsel, Henry R. Fenton of Levy & Goldman. Defendants Advanced Installations, Inc.; Insulation Investments, Inc.; Roger Zeller, Larry Delbo, Willis Speese, and Raymond Howe appeared by and through their counsel Robert F. Rubin.

At the commencement of the trial, Defendants renewed their Motion for Summary Judgment filed on or about October 5, 1981 on the grounds identified in their prior Motion for Summary Judgment and on the

basis of the May 24, 1982 decision of the United States Supreme Court in *Woelke & Romero Framing, Inc. v. NLRB*, —— U.S. ——, 102 S.Ct. 2071, 72 L.Ed.2d 398 (1982). The Court having read the papers and pleadings filed in the instant action, and having heard the arguments offered by the respective parties and the cause having been submitted for decision, the Court, being fully advised, makes its Findings of Fact and Conclusions of Law as follows:

## FINDINGS OF FACT

1. Plaintiff is a non-union insulation subcontractor which has performed business at various construction sites in Southern California and has its principal place of business in Santa Ana, California.

2. Defendants Orange County District Council of Carpenters, AFL–CIO; United Brotherhood of Carpenters and Joiners of America, Local Union No. 2361; Los Angeles County District Council of Carpenters, AFL–CIO; United Brotherhood of Carpenters and Joiners of America, Local Union No. 1506, AFL–CIO; and Ventura County District Council of Carpenters, AFL–CIO (hereinafter collectively "Carpenters Unions") are labor organizations in which employees participate and which exist for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment or conditions of work.

3. The principal place of business of Defendants Orange County District Council of Carpenters, AFL–CIO; United Brotherhood of Carpenters and Joiners of America, Local Union No. 2361; Los Angeles County District Council of Carpenters, AFL–CIO; United Brotherhood of Carpenters and Joiners of America, Local Union No. 1506, AFL–CIO; and Ventura County District Council of Carpenters, AFL–CIO is within the jurisdiction of the Court.

4. At all times mentioned in the First Amended Complaint, the following individual Defendants served in the following capacities:

A) Chris Jensen was President of United Brotherhood of Carpenters and Joiners of America, Local Union No. 1506;

B) Richard "Red" Freeman, Doug McCarron and L. G. "Buck" Buchanan were Business Agents of United Brotherhood of Carpenters and Joiners of America, Local Union No. 1506;

C) Ray Berg was the Financial Secretary of United Brotherhood of Carpenters and Joiners of America, Local Union No. 1506;

D) J. D. Butler was Treasurer of Ventura County District Council of Carpenters;

E) Robert L. Miller was the Administrative Assistant of Orange County District Council of Carpenters;

F) Randy Thornhill, William J. Molnar and William F. Perry were Business Agents of Orange County District Council of Carpenters.

G) Roger Zeller was the President of Advanced Installations, Inc.

H) Larry Delbo was Vice President of Advanced Installations, Inc.

I) Willis Speese was Chairman of the Board of Directors of Advanced Installations, Inc.

J) Raymond Howe was Executive Vice President of Advanced Installations, Inc.

5. At all times mentioned in the First Amended Complaint, Defendant Advanced Installations, Inc. (hereinafter "Advanced") was and is an insulation subcontractor signatory to a collective bargaining agreement with the Carpenters Unions and has performed insulation work at various construction sites in Southern California, and has had its principal place of business in Los Angeles, California.

6. At all times mentioned in the First Amended Complaint, Defendant Insulation Investments, Inc. has purchased insulation material from the manufacturers of insulation and has sold insulation material to Advanced. Insulation Investments, Inc. has had its principal place of business in Los Angeles, California.

7. Since on or about 1976, the Orange County District Council of Carpenters, AFL–CIO (hereinafter "OCDCC") has had a labor dispute with Plaintiff.

8. Since on or about 1978, United Brotherhood of Carpenters and Joiners of America, Local Union No. 1506 (hereinafter "Local 1506") has had a labor dispute with Plaintiff.

9. At all times mentioned herein, all subcontractors and general contractors which were signatory to a collective bargaining agreement with the Carpenters Unions were bound to the subcontracting provision of the Master Labor Agreement between the Southern California General Contractors and the Carpenters Unions. The subcontracting provision, which is contained in Article IV, Paragraph D, provides as follows:

"D. The Contractor agrees that neither he nor any of his subcontractors on the jobsite will subcontract any work to be done at the site of construction, alteration, painting or repair of a building, structure or other work (including quarries, rock, sand and gravel plants, asphalt plants, ready-mix concrete plants, established on or adjacent to the jobsite to process or supply materials for the convenience of the Contractor for jobsite use), except to a person, firm or corporation, party to an appropriate, current labor agreement with the appropriate Union, or subordinate body signatory to this Agreement."

10. On or about January 15, 1979, there was a meeting exclusively attended by representatives of several union insulation subcontractors in Southern California and business agents and/or officers of the Carpenters Unions to discuss their collective bargaining agreements.

11. Carpenters Unions did not collectively or individually enter into a joint program, method, or plan to hinder or stifle the Plaintiff's business, nor to eliminate Plaintiff from competition with Advanced, or any other insulation subcontractor.

12. The actions complained of by Plaintiff were carried out by the Carpenters Unions and their business agents and/or officers unilaterally, pursuant to their legitimate interests as labor organizations and business agents and/or officers of labor organizations and not pursuant to any conspiracy, agreement, accord or understanding with any competitors of Plaintiff.

13. At all times mentioned in the Complaint, Advanced and its representatives acted in their legitimate self-interest and not pursuant to any conspiracy, agreement, accord, or understanding with any insulation subcontractors or the Carpenters Unions.

14. None of the activities carried out by the Carpenters Unions complained of by the Plaintiff are attributable to the January 15, 1979 meeting between union insulation subcontractors and the Carpenters Unions.

15. The activities carried out by the Carpenters Unions are part and parcel of their continuing labor dispute with Plaintiff which predated the January 15, 1979 meeting.

16. The activities that were carried out by the Carpenters Unions were not carried out with any anti-competitive purpose, but were carried out for the purpose of accomplishing lawful labor objectives.

17. None of the activities carried out by Advanced complained of by the Plaintiff are attributable to the January 15, 1979 meeting between union insulation subcontractors and Carpenters Unions.

18. There was no conspiracy by insulation subcontractor competitors of Plaintiff to achieve a restraint of commercial competition.

19. There are no genuine issues of material fact.

20. Incorporated by reference herein, as though fully set forth, are any Findings of Fact which are included as Conclusions of Law.

## CONCLUSIONS OF LAW

The following Conclusions of Law, insofar as they may be considered Findings of Fact, are so found by this Court to be true

in all respects, and the foregoing Findings of Fact, insofar as they may be considered Conclusions of Law, are so concluded from the Findings of Fact. From the foregoing Findings of Fact, the Court makes the following Conclusions of Law:

1. There is no genuine issue of material fact, and accordingly summary judgment may properly be awarded to Defendants on the First and Second Claims for Relief pursuant to Rule 56 of the Federal Rules of Civil Procedure.

2. None of the Defendants violated the Sherman Act, 15 U.S.C. Section 1, or any other anti-trust law of the United States. *Allen Bradley v. Local Union No. 3*, 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939 (1945); *Smitty Baker Co. v. United Mine Workers*, 620 F.2d 416 (4th Cir. 1980).

3. The actions of the Defendants are exempt from the Sherman Act, 15 U.S.C. Section 1, pursuant to Section 8(e) of the National Labor Relations Act, 29 U.S.C. Section 158(e). *Woelke & Romero Framing, Inc. v. National Labor Relations Board, et al.,* —— U.S. ——, 102 S.Ct. 2071, 72 L.Ed.2d 398 (1982).

4. The activities of the Carpenters Unions are exempt from the anti-trust laws pursuant to the statutory labor exemption to the anti-trust laws. *United States v. Hutcheson*, 312 U.S. 219, 61 S.Ct. 463, 85 L.Ed. 788 (1941); *Apex Hosiery Company v. Leader*, 310 U.S. 469, 60 S.Ct. 982, 84 L.Ed. 1311 (1940); *Connell Construction Co. v. Plumbers and Steamfitters Local Union No. 100*, 421 U.S. 616, 95 S.Ct. 1830, 44 L.Ed.2d 418 (1975).

5. The activities of the Carpenters Unions are exempt from the anti-trust laws pursuant to the non-statutory labor exemption to the anti-trust laws. *Bodine Produce, Inc. v. United Farm Workers Organizing Committee*, 494 F.2d 541 (9th Cir. 1974); *Smitty Baker Co. v. United Mine Workers*, 620 F.2d 416 (4th Cir. 1980); *United Mine Workers v. Pennington*, 381 U.S. 657 (1965); *Larry Muko, Inc. v. Southwestern Pa. etc.*, 670 F.2d 421, 432 (3rd Cir. 1982).

6. It is not a violation of the anti-trust laws for insulation subcontractors which are signatory to a collective bargaining agreement with the Carpenters Unions to meet and confer and discuss enforcement of the subcontracting provision of the collective bargaining agreement. 29 U.S.C. Section 158(d); *Fibreboard Paper Products v. NLRB*, 379 U.S. 203, 85 S.Ct. 398, 13 L.Ed.2d 233 (1964); *Ford Motor Co. v. NLRB*, 441 U.S. 488, 99 S.Ct. 1842, 60 L.Ed.2d 420 (1979).

7. Insulation subcontractors signatory to collective bargaining agreements with the Carpenters Unions may lawfully complain of and discuss any and all matters relating to their collective bargaining agreements, including but not limited to competition from non-union subcontractors. 29 U.S.C. Section 158(d); 29 U.S.C. Section 158(e); *Woelke & Romero Framing, Inc. v. National Labor Relations Board, supra*.

8. Insulation subcontractors which are signatory to collective bargaining agreements with the Carpenters Unions are third party beneficiaries of the subcontracting provision of the collective bargaining agreements between signatory general contractors and the Carpenters Unions. As third party beneficiaries, the insulation subcontractors are entitled to seek enforcement of the subcontracting provisions of the collective bargaining agreements between the signatory general contractors and the Carpenters Unions. *Woelke & Romero Framing, Inc. v. National Labor Relations Board, supra*.

9. It is lawful for insulation subcontractors which are signatory to collective bargaining agreements with the Carpenters Unions to inform the Carpenters Unions about the activities of non-union insulation subcontractors on construction job sites. 29 U.S.C. Section 158(d); 29 U.S.C. Section 158(e); *Woelke & Romero Framing, Inc. v. National Labor Relations Board, supra*; First Amendment of the United States Constitution.

10. Article IV, Paragraph D of the Carpenters Unions' Master Labor Agree-

ment is a lawful subcontracting provision requiring that job site carpentry work, and insulation work in particular, be performed only by union subcontractors. *Woelke & Romero Framing, Inc. v. National Labor Relations Board,* —— U.S. ——, 102 S.Ct. 2071, 72 L.Ed.2d 398 (1982).

■ 11. The labor laws allow the Carpenters Unions to enforce the subcontracting provision of the Master Labor Agreement by providing signatory general contractors with notice of violations of the subcontracting provision, and by filing grievances and/or lawsuits to enforce the subcontracting provision.

■ 12. The individual defendants who are officers or members of the Carpenters Unions are exempt from the anti-trust laws. *Atkinson v. Sinclair Refining Company,* 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962).

13. The Third Claim for Relief is a pendent state court claim for interference with business relations and is properly within the jurisdiction of the state court and is hereby dismissed without prejudice pursuant to the doctrine of abstention by federal courts in state court claims. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

14. Because this case involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the Judgment may materially advance the ultimate termination of the litigation, the Judgment is certified for an expedited appeal.

### SUMMARY JUDGMENT AND ORDER

The Court having considered the pleadings in the action, Defendants' Motions for Summary Judgment, the arguments of counsel, the Declarations and documents and records filed herein, and having heard all arguments, and based upon its own motion, it is hereby

ORDERED, ADJUDGED AND DECREED that Defendants' Motions for Summary Judgment are granted as to the First and Second Claims for Relief and that the Third Claim for Relief is dismissed without prejudice, and it is further

ORDERED, ADJUDGED AND DECREED that the First Amended Complaint herein be and the same is hereby dismissed, and that Defendants recover their costs from Plaintiff, and it is further

ORDERED, ADJUDGED AND DECREED that because this case involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Judgment may materially advance the ultimate termination of the litigation, the Judgment is certified for an expedited appeal.